## THE TOWN OF BEACON FALLS *vs.* THE TOWN OF SEYMOUR.

In a case involving the question of the settlement of a pauper, the court charged the jury that it was necessary that he should have "resided in the town for six successive years, paying his taxes and not becoming chargeable to the town." Held to be erroneous, as the statute requires only that he pay "all taxes legally imposed on and demanded of him," and the failure to pay taxes"

might have been owing to none having been imposed upon or demanded of him.

ASSUMPSIT for supplies furnished a pauper claimed to belong to the defendant town; brought to the Court of Common Pleas of New Haven County, and tried to the jury, on the general issue, before *Robinson, J.* Verdict for the plaintiffs and motion for a new trial by the defendants for error in the rulings and charge of the court. The case is sufficiently stated in the opinion.

*H. B. Munson,* in support of the motion.

*H. Stoddard,* contra.

PARK, C. J. It appears in this case that there was a controversy between the parties upon the question of fact, whether Eunice Warner was the wife of Newell Warner during the time that they resided as husband and wife in the town of Woodbridge. If she was his wife, then the question whether she acquired a settlement in that town during their residence there would depend upon the question whether or not her husband acquired his settlement in that town during that time. If she was not his wife, then the question whether she acquired such settlement would depend upon the facts and circumstances connected with her residence in the town, independent of the facts and circumstances connected with the residence of Newell Warner. The court charged the jury upon each view of the question. The charge was as follows, respecting her settlement in the town, if the jury should find that she was not the wife of Newell Warner. " If Eunice Warner was not the lawful wife of Newell Warner, she might gain a settlement in Woodbridge even if he did not, and this would depend upon her residence there for six successive years, paying her taxes, and not becoming chargeable to the town." Similar language was used by the court respecting the settlement of Newell Warner; but it appears in his case that he was duly called upon to pay his taxes, and did not pay them, and the same were abated by the selectmen of the town; so that manifest justice was done so far as his

case was concerned, notwithstanding the charge of the court. But no such facts appear in the case of Eunice Warner, if she was not the wife of Newell Warner; neither does it appear that any taxes were ever assessed against her; so that it cannot be said that manifest justice was done in respect to her settlement in the town. We think the charge of the court was erroneous, because it gave the jury to understand that payment of taxes is essential to the acquisition of a settlement in a town, whether taxes are assessed against a party or not, or whether they are duly demanded or not; and for this reason we think a new trial should be advised. We have not considered the other questions in the case, as it is unnecessary.

A new trial is advised.

In this opinion the other judges concurred.